## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHMUEL NITZLICH, *individually and on behalf of all others similarly situated*,<br><br>        Plaintiff,<br><br>    v.<br><br>OMNIPOINT MANAGEMENT SOLUTIONS, LLC,<br><br>        Defendant. | Civil Action No: 1:24-cv-00336<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Shmuel Nitzlich (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, against Defendant Omnipoint Management Solutions, LLC, (hereinafter, "Defendant") individually and on behalf of a class of all others similarly situated, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6. Plaintiff and the Class members are seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6)

10. Defendant can be served upon its registered agent, c/o Corporation Service Company, 80 State Street, Albany, NY 12207.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   a. All individuals with addresses in the State of New York;

   b. Who received an initial collection communication from the Defendant;

   c. Attempting to collect a consumer debt;

   d. That failed to inform the consumer that this debt is past the statute of limitation for a lawsuit to occur; and

   e. which improper collection actions occurred on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

15. Excluded from the class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, and 1692f.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers after creating a payment plan, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

    c.    **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d.    **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e.    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Sometime prior to August 23, 2020, Plaintiff allegedly incurred a debt with HSBC/Platinum Mastercard (hereinafter, "HSBC").

23. The HSBC obligation arose out of transactions incurred primarily for personal, family or household purposes, specifically personal credit card purchases.

24. The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

25. HSBC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26. Upon information and belief, HSBC sold the debt to DNF Associates LLC (hereinafter, "DNF").

27. DNF is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

28. Upon information and belied, DNF contracted with Defendant for the purpose of collecting this debt.

29. Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

*Violation – September 15, 2023 Collection Letter*

30. On or about September 15, 2023, Plaintiff received an initial collection letter from the Defendant to collect upon the DNF debt. A true and accurate copy of the collection letter Defendant mailed to the Plaintiff is attached as Exhibit A, hereinafter "Letter."

31. Upon information and belief, at the time that Defendant sent the Letter, the statute of limitations for a lawsuit to occur had already expired.

32. The Letter fails to warn Plaintiff that if he made any payment towards the debt, even merely a partial payment, or just agreeing to make a payment, he may lose the protection of the statute of limitations, and would result in a restarting the time period for a lawsuit to be filed against him, in violation of the FDCPA.

33. The failure to provide this information is a material omission and one that is required by Federal and even more explicitly by New York law.

34. Consumers have a right to receive accurate notice of their rights.

35. When a debt collector fails to effectively inform the consumer of such right, the debt collector has harmed the consumer.

36. A debt collector may not use any false representations or deceptive means to collect or attempt to collect any debt. By not including the required language informing the Plaintiff of the true legal status of the debt the Plaintiff has been misled and harmed.

37. Additionally, the letter states "we have been authorized to resolve the outstanding balance of $15,603.48. Upon clearance of funds your account will be updated as paid in full."

38. The Letter previously stated that the balance owed now was $18,357.03.

39. These conflicting amounts left the Plaintiff confused as to the total amount of the debt owed and given that he had never heard of DNF associates led him to believe that this collection attempt was fraudulent.

40. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

41. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

42. Defendant's deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts since a consumer will treat a debt that can be sued upon very different than a debt that cannot be sued upon.

43. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

44. Plaintiff was confused and misled to his detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letter to his detriment.

45. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

46. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

47. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

48. Defendant's actions caused Plaintiff to expend time and money, in reliance on the improper content of the Letter, including the lack of consistent sensible information, to ascertain what his options and possible responses could or should be.

49. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

50. Plaintiff was misled and made to be uncertain to his detriment by the statements and/or omissions in the Letter and relied on the contents of the Letter to his detriment.

51. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debt, in violation of statutory law, the debt collector has harmed the consumer.

52. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

53. As it relates to the violations complained of herein, Congress identified concrete and particularized harms with a close common-law analogue to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

54. Plaintiff would have chosen a separate course of conduct but for Defendant's statutory violations.

55. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

56. Plaintiff repeats the above allegations as if set forth here.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692d.

58. Pursuant to 15 U.S.C. §1692d, "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

59. Thereafter, 15 U.S.C. § 1692d provides a non-exhaustive list of conduct that violates the statute.

60. Defendant violated this section by:

   a. Using harassing, oppressing, and/or abusive conduct in attempting to collect the alleged debt by failing to advise Plaintiff of the passing of the statute of limitations.

61. By reason thereof, Defendant is liable to the Plaintiff for judgment that Defendant's conduct violated Section 1692d, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e et seq.

62. Plaintiff repeats the above allegations as if set forth here.

63. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

64. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65. Defendant violated §1692e:

   a. As the letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A); and

  b. By making a false and misleading representation/omissions in violation of §1692e(10).

66. By reason thereof, Defendant is liable to the Plaintiff for judgment that Defendant's conduct violated Section 1692e, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

67. Plaintiff repeats the above paragraphs as if set forth here.

68. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

69. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

70. Defendant violated this section:

  a. By omitting material terms from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt including failing to properly advise Plaintiff as to the nature and status of the alleged debt;

  b. By omitting material terms from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt including failing to properly advise Plaintiff that the statute of limitations had expired and/or failing to properly advise Plaintiff as to how any payment or agreement to pay the alleged debt could impact the statute of limitations and Plaintiff's rights under thereto.

71. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g et seq.

72. Plaintiff repeats the above allegations as if set forth here.

73. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

74. Pursuant to 15 U.S.C. §1692g(a), a debt collector must provide notice of a debt, including the name of the original creditor.

75. Defendant violated §1692g(a):

   a. As the letter does not clearly state the amount owed in violation of §1692g;

   b. As the letter overshadowed and confused the Plaintiff's ability to respond to the initial collection letter

76. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

77. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shmuel Nitzlich, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned as Class Counsel;

2. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5. Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

6. Awarding the Plaintiff and the Class punitive damages for Defendant's willful and reckless conduct; and

7. Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated: January 17, 2024                                  Respectfully submitted,

**STEIN SAKS, PLLC**
*/s/ Rami Salim*
By: Rami Salim, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
rsalim@steinsakslegal.com
*Counsel for Plaintiff, Shmuel Nitzlich*